UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JERRY E. LOGAN

        Plaintiff,

                                      Civil Action 2:16-cv-37
    v.                             Judge James L. Graham
                                        Magistrate Judge Elizabeth P. Deavers

VANESSA SAWYER,

        Defendant.

## ORDER and

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, a state inmate under the supervision of the Ohio Department of Rehabilitation and Correction, brings this prisoner civil rights action under 42 U.S.C. § 1983. (ECF No. 1.) This matter is before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Undersigned finds that Plaintiff's claim against Defendant Vanessa Sawyer is not cognizable under 42 U.S.C. § 1983 and therefore **RECOMMENDS** that the Court **DISMISS** his Complaint.

## I.

According to the Complaint, Plaintiff underwent oral surgery on June 30, 2015 at Noble Correctional Institution. (ECF No. 1-1 at 5.) Plaintiff states that the surgeon removed

odontogenic cysts and excised bone from his mandible.  (*Id.*) According to Plaintiff, his treating physicians never informed him prior to the procedure of possible side effects from the surgery. (*Id.*)  Plaintiff claims that he filed an informal administrative grievance with Defendant at an unstated time.  (ECF No. 1-1 at 3.)  After she denied his grievance, Plaintiff filed another grievance with the chief inspector, to which Plaintiff says he has not received a response.  (*Id.*) Plaintiff states that he subsequently wrote a letter to the chief inspector regarding his grievance, but again received no response.  (*Id.*)  Plaintiff alleges a lack of informed consent to his oral surgery and seeks $260,000.00 compensatory damages, as well as punitive damages, from Defendant in both her official and individual capacities.  (ECF No. 1-1 at 6.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

\*       \*       \*

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or . . . .

---

[1]Formerly 28 U.S.C. § 1915(d).

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court

3

holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

Plaintiff brings his federal law claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under Section 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985).  As a general rule, a plaintiff proceeding under § 1983 must allege that the deprivation of his rights was intentional or at least the result of gross negligence.  *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).  Mere negligence is not actionable under § 1983.  *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

**A.  Claims against Defendant in her Official Capacity**

As a preliminary matter, § 1983 does not permit Plaintiff to bring his claim for money damages against Defendant in her official capacity.  Section 1983 imposes liability only upon a

4

"person" who, under color of law, subjects another person to a deprivation of federal rights.  42 U.S.C. § 1983.  In suits for damages, state officials acting in their official capacity are not "persons" under § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Plaintiff's § 1983 claims against Defendant in her official capacity, therefore, is not cognizable.  *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that § 1983 claims against agents of the state in their official capacity are not cognizable).

**B.  Claims against Defendant in her Individual Capacity**

To state a claim against a defendant in her individual capacity, plaintiff must allege personal involvement of the defendant in causing plaintiff's injury.  *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992).  A party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).  To establish liability under Section 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint.  *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a [Section] 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct").  Thus, a claimed constitutional violation must be based on active unconstitutional behavior, *Greene*, 310 F.3d at 899; *Shehee*, 199 F.3d at 300, and cannot be based upon the mere right to control employees.  *Polk Co. v. Dodson*, 454 U.S. 312, (1981); *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658 (1978).  A plaintiff must demonstrate that a supervisory defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings

on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Supervisory liability cannot be based upon the failure to act, *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004), or simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *Shehee*, 199 F.3d at 300. Merely bringing a problem to the attention of a supervisory official is not sufficient to impose liability. *Shelly v. Johnson*, 684 F.Supp. 941, 946 (W.D. Mich.1987).

In the instant case, Plaintiff fails to assert facts demonstrating that Defendant Sawyer was personally involved in any way with the underlying alleged lack of consent regarding Plaintiff's oral surgery. Indeed, Plaintiff does not mention Defendant in his Complaint other than to note that he filed submitted his informal grievance to her and that he appealed her decision to the chief inspector. (ECF No. 1-1 at 3.) Defendant is not subject to supervisory liability "simply because [she] denied an administrative grievance or failed to act based upon information contained in a grievance." *Shehee*, 199 F.3d at 300. Plaintiff's Complaint fails, therefore, to give rise to a plausible inference that defendant was actively engaged in any unconstitutional behavior.

## C. Defendant's Immunity from State Law Claims

Plaintiff's complaint sounds in tort. *See Nickell v. Gonzalez*, 17 Ohio St. 3d 136, 139, 477 N.E.2d 1145 (Ohio 1985) (setting out the elements of "[t]he tort of lack of informed consent"). With respect to a state law tort claim, a federal court sits as a court of the forum state and is bound to apply its substantive law. *Guaranty Trust Co. v. York,* 326 U.S. 99, 108–09 (1945). The Sixth Circuit has recognized "Ohio law requires that, prior to asserting a claim against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Ohio Revised Code § 9.86." *Haynes*

*v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989).  The Ohio Court of Claims has made no such

determination in this matter.  This Court, therefore, is not in a position to determine whether

Defendant is immune from Plaintiff's state law tort claim.  Until the Ohio Court of Claims

determines that she is not immune, then, Plaintiff's claims are not cognizable in this Court.  Prior

to the Court of Claims' determination, there is no claim under Ohio law upon which relief can be

granted against Defendant in her individual capacity.  The only cognizable claim, at least

initially, lies against the State of Ohio in the Court of Claims.  *Id.* (citing Ohio Rev. Code  Ann. §

2743.02(F)).  Accordingly, the Undersigned finds that Plaintiff's state law tort claim is not

properly before this Court and will not be until such time as a cause of action against Defendant

is recognized under Ohio law.

## IV.

For the reasons explained above, the Undersigned **RECOMMENDS** that Plaintiff's

claims in this matter be **DISMISSED** as not cognizable under 42 U.S.C. § 1983.

## <u>PROCEDURE ON OBJECTIONS</u>

If any party seeks review by the District Judge of this Report and Recommendation, it

may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

The Clerk is **DIRECTED** to forward a copy of this Order and Report and Recommendation to the Attorney General's Office, Criminal Justice Section, Corrections Litigation Unit, 150 East Gay Street, Columbus, OH  43215.

**IT IS SO ORDERED.**

Date:  January 19, 2016                    /s/ *Elizabeth A. Preston Deavers*
                                                     ELIZABETH A. PRESTON DEAVERS
                                                     UNITED STATES MAGISTRATE JUDGE

8